UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN SOMERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 1:15-cv-1424-JMS-DKL |
| | ) |
| EXPRESS SCRIPTS HOLDINGS, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS**

Presently pending before the Court is Defendant Express Scripts Holdings' ("Express") Motion to Partially Dismiss Plaintiff Brian Somers' Complaint.[1] [Filing No. 19.] Express seeks to dismiss Mr. Somers' employment law claims to the extent they are based on his sex as a man. [Filing No. 19; Filing No. 20.] For the reasons detailed herein, the Court denies Express' Motion to Dismiss. [Filing No. 19.]

**I.
STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] In its Motion to Dismiss, Express states that its proper name is Express Scripts Pharmacy. [Filing No. 19.] Because the plaintiff is the master of the complaint, *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 801 (7th Cir. 2013), Express cannot unilaterally change its name as a party without filing a motion to do so. If the parties agree on the proper name for Express as a party to this action, they should file a joint motion to substitute the proper party. If they cannot agree, Express may file a motion setting forth why it believes Express Scripts Pharmacy is the proper entity to be the Defendant in this action.

1

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint will likely be found sufficient under the plausibility requirement if it gives "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### RELEVANT BACKGROUND

Consistent with the applicable standard of review set forth above, the following relevant factual allegations from Mr. Somers' Complaint are taken as true for purposes of addressing the pending motion.

Mr. Somers began working for Express on February 6, 2012. [Filing No. 1 at 2.] On the first day of his employment, Mr. Somers was called "fat ass" by another employee ("the harassing employee"). [Filing No. 1 at 2.] That employee nicknamed Mr. Somers "Puddin" and told him that he "had a soft ass and he would like to poke it." [Filing No. 1 at 2.] On a daily basis, the harassing employee would call Mr. Somers names such as "fat motherfucker," "faggot," "gay," and "prison bitch." [Filing No. 1 at 2.] He also would inappropriately touch Mr. Somers. [Filing

No. 1 at 2-3.] Managers and supervisors also called Mr. Somers "Puddin." [Filing No. 1 at 2.] Mr. Somers complained to a supervisor, but he was told to "get over it." [Filing No. 1 at 2.]

On a required business trip to St. Louis, Mr. Somers and three other Express employees were riding in the car, including the harassing employee. [Filing No. 1 at 5.] The other employees played pornography throughout the trip. [Filing No. 1 at 5.] When Mr. Somers asked them to stop, they increased the volume. [Filing No. 1 at 5.] When the group visited the St. Louis Arch, one of them secretly drew a large outline of a penis and scrotum in the snow and asked the other group members, including Mr. Somers, to look down at it when they reached the top of the Arch. [Filing No. 1 at 5.]

On several occasions, Mr. Somers reported the inappropriate behavior to various members of management or other superiors, but nothing was done. [Filing No. 1 at 2-6.] Eventually Mr. Somers resigned his position in April 2014. [Filing No. 1 at 6.]

On September 9, 2015, Mr. Somers initiated this action against Express. [Filing No. 1.] He alleges claims for employment harassment based on his religion, employment harassment based on his sex, constructive discharge based on his religion and sex, and retaliation. [Filing No. 1.] In response to Mr. Somers' Complaint, Express has filed a partial motion to dismiss, asking the Court to dismiss Mr. Somers' claims to the extent they are based on his sex. [Filing No. 19.]

## III.
### DISCUSSION

Express moves to dismiss Mr. Somers' employment claims to the extent they are based on his sex as a male. [Filing No. 20.] Express contends that these claims fail as a matter of law because "the Complaint purports Express subjected Plaintiff to harassment because he is homosexual," and Title VII does not prohibit discrimination or harassment based on sexual orientation. [Filing No. 20 at 1.] Express asserts Mr. Somers has not pled sufficient evidence to meet the standard for sexual harassment involving a harasser and a victim of the same sex, as outlined in *Onacle v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998). [Filing No. 20 at 5-7.] Finally, Express maintains that the Complaint lacks a sufficient factual basis for Mr. Somers to proceed under a sex-stereotyping theory, which forbids discrimination based on failure to conform to gender stereotypes, and that use of this theory is precluded because Mr. Somers fails to raise it in his Complaint. [Filing No. 20 at 6-8.]

In response, Mr. Somers argues that Express' motion is without merit and reflects a lack of understanding of the federal pleading requirements. [Filing No. 21 at 1-2.] He asserts that Express falsely alleges that Mr. Somers' claims are based on his sexual orientation. [Filing No. 21 at 2.] Mr. Somers emphasizes that his Complaint does not mention his sexual orientation, and he argues that he has met his burden of offering a short, plain statement of a sex-based employment harassment claim for which relief can be granted. [Filing No. 21 at 2-7.] He contends that he was not required to allege any specific legal theories and emphasizes the federal notice pleading standard. [Filing No. 21 at 5-6.] Mr. Somers maintains that he fulfilled those requirements and dismissal of his claims would be improper. [Filing No. 21 at 5-7.]

In reply, Express argues that Mr. Somers' Complaint "is replete with factual allegations that assert without any ambiguity that he was discriminated against or harassed due to sexual-

4

orientation, and not because he is a male." [Filing No. 25 at 2.] Accordingly, Express argues, Mr. Somers has not alleged any facts to suggest that he has a valid Title VII claim for harassment based on his gender. [Filing No. 25 at 2-3.] Express concludes that because "none of Plaintiff's factual allegations are relevant to sex-discrimination, Defendant lacks notice as to the grounds on which Plaintiff's claim rests," and therefore the claims must be dismissed. [Filing No. 25 at 4.]

Title VII prohibits an employer from harassing an employee "because of [the employee's] sex." 42 U.S.C. § 2000e-2(a)(1). Under binding precedent currently in effect, discrimination or harassment based on a person's sexual orientation alone is not actionable under Title VII. *See e.g.*, *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1084 (7th Cir. 2000) ("[H]arassment based solely upon a person's sexual preference or orientation (and not on one's sex) is not an unlawful employment practice under Title VII."). In other words, Congress intended the term "sex" to mean "biological male or biological female," and not one's sexuality or sexual orientation. *Id.*

Title VII's prohibition of discrimination "because of ... sex" protects men as well as women. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998). "[N]othing in Title VII necessarily bars a claim of discrimination 'because of ... sex' merely because the plaintiff and the defendant (or the person charged with acting on behalf of the defendant) are of the same sex." *Id.* at 79. But workplace harassment is not automatically discrimination because of sex merely because the words used have sexual content or connotations. *Id.* at 80. "The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.* at 80. An inference of discrimination may be supported by various types of evidence, including evidence of implicit or explicit proposals of sexual activity by the harasser to the victim, evidence that the harasser is homosexual, evidence suggesting the harasser's general hostility to the presence of one

gender in the workplace, or comparative evidence about the harasser's disparate treatment of members of both sexes. *Id.* at 80-81.

Express' contention that Mr. Somers' employment claims are based on his sexuality rather than his sex ignores the allegations in the Complaint, which the Court must accept as true at this stage of the litigation.  As Mr. Somers points out, nowhere in the Complaint does he allege that he is homosexual or that he was harassed or discriminated against on that basis.  Express' assumption that Mr. Somers' claims must be based on sexual orientation assumes a key fact that is not alleged in Mr. Somers' Complaint—namely, his sexual orientation.[2]  Instead, the only question before the Court at this time is whether the factual allegations in Mr. Somers' Complaint set forth a Title VII claim based on his sex that is both plausible on its face and gives Express sufficient notice of the nature of Mr. Somers' claims.  See *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 335 (7th Cir. 2015) ("a plaintiff['s complaint] must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief").

The Court concludes that Mr. Somers' Complaint contains sufficient factual allegations to give Express fair notice of plausible harassment and constructive discharge claims based on Mr. Somers' sex.  To the extent that Express implies that Mr. Somers must be able to point to direct evidence supporting the reason for the alleged harassment at this point in the litigation, Express ignores the federal notice pleading standard.  It is well-established that "'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that

---

[2] To the extent that Mr. Somers suggests in his response brief that the employee who allegedly harassed him may be a homosexual, [Filing No. 21 at 2], the Court will not accept that as true at this stage of the litigation because it is not alleged in his Complaint, [*see* Filing No. 1].

a recovery is very remote and unlikely.'"[3] *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). A complaint contains a plausible claim if "'it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Brooks*, 578 F.3d at 581 (quoting *Twombly*, 550 U.S. at 556). Whether Mr. Somers' discovery can garner the type of evidence necessary to prove his claims remains to be seen. Because his Complaint pleads plausible claims for harassment and constructive discharged based on his sex, however, the Court must deny Express' Motion to Dismiss. [Filing No. 19.]

## IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** Express' Partial Motion to Dismiss. [Filing No. 19.]

Date: June 29, 2016

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution to Counsel of Record via CM/ECF**

---

[3] The Court cites this well-established principle not to foreshadow its view on the merits of Mr. Somers' claim, but rather to show that applicable standard is not tied to the likelihood of plaintiff's recovery, as Express suggests.